UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LENWORTH McGOWAN, A40-089-563,

        Petitioner,

        -v-                                  14-CV-145-JTC

TODD TRYON,

        Respondent.

---

## INTRODUCTION

Petitioner, Lenworth McGowan, an alien under a final order of removal from the United States, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from detention in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (collectively, "DHS"), pending the execution of a final immigration order of removal issued against him. Item 1. As directed by this court's order entered on March 28, 2014 (Item 2), respondent has submitted an answer and return (Item 4), along with an accompanying memorandum of law (Item 5), in opposition to the petition, and petitioner has submitted a reply (Item 8). For the reasons that follow, the petition is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native and citizen of Jamaica, was admitted to the United States as a lawful permanent resident at New York, New York on or about May 8, 1986. *See* Item 1, ¶¶ 1, 2; Item 4-1 ("Payan Decl."), ¶ 5.

According to DHS records, petitioner was convicted of the following state law violations:

- On or about February 3, 1995, petitioner was convicted in the Schenectady City Court, Schenectady, New York of Criminal Possession of Marijuana in the 5th Degree, in violation of New York State Penal Law § 221.10(1). He was granted a conditional discharge.

- On or about March 3, 1997, petitioner was convicted in the Schenectady City Court, Schenectady, New York of Criminal Possession of Marijuana in the 4th Degree, in violation of New York State Penal Law § 221.15. He was fined $410.

- On or about January 10, 2001 petitioner was convicted in the Schenectady City Court, Schenectady, New York of Criminal Trespass in the 2nd Degree, in violation of New York State Penal Law § 140.15. He was sentenced to a term of probation of three years. Petitioner subsequently violated probation and was sentenced to a 90-day term of imprisonment.

- On or about January 5, 2005, petitioner was convicted in the Clifton Park Town Court, Clifton Park, New York of Driving While Intoxicated. He was fined $500.

- On or about April 28, 2005, petitioner was convicted in the Malta Town Court, Malta, New York of Menacing in the 2nd Degree, in violation of New York State Penal Law § 120.14(1). He was sentenced to three years probation.

- On or about March 19, 2007, petitioner was convicted in the County Court of Saratoga County, New York of Driving While Intoxicated. He was sentenced to a term of imprisonment of 11 months.

- On or about October 22, 2012, petitioner was convicted in the County Court of Saratoga County, New York of Attempted Criminal Sale of a Controlled Substance in the 3rd Degree, in violation of New York State Penal Law § 110-220.39. He was sentenced to a term of imprisonment of 2 years and 2 years post-release supervision.

Payan Decl., ¶ 6; Item 4-2 ("Exh. A"), p. 20.

On May 15, 2012, petitioner was arrested by the Saratoga County, New York Sheriff's Department pursuant to a bench warrant issued by the Saratoga County Court. At the time of his arrest, an immigration detainer was lodged at the Saratoga County Jail. Payan Decl., ¶ 7. On October 7, 2013, petitioner was taken into DHS custody upon his release from the custody of the New York State Department of Corrections and Community Supervision. Payan Decl., ¶ 8; Exh. A, p. 14. On October 8, 2013, petitioner was served with a Notice to Appear ("NTA"), that charged him with being removable from the United States pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), as an alien convicted of a controlled substance offense. Exh. A, pp. 11-13. On November 26, 2013, an Immigration Judge ("IJ") denied petitioner's applications for relief and ordered his removal from the United States to Jamaica. Exh. A, p. 9. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and the order of removal became final on April 1, 2014, when the BIA dismissed petitioner's appeal. *Id.*, pp. 5, 6-8.

On April 2, 2014, DHS served petitioner with a formal Warning for Failure to Depart (Form I-229(a)), along with an instruction sheet listing actions that petitioner was required to complete within 30 days to assist in obtaining a travel document for his removal from the United States. Exh. A, pp. 2-3. The warning form advised petitioner of penalties under INA § 243 for conniving or conspiring to prevent or hamper his departure from the United States, and also advised him that, pursuant to INA § 241(a)(1)(C), failure to comply or provide sufficient evidence of his inability to comply may result in the extension of the removal period and subject him to further detention. *Id.* Petitioner refused to sign the form. *Id.*

On April 3, 2014, DHS sent a presentation packet to the Consulate General of Jamaica ("the Consulate") in New York, New York, requesting that a travel document be issued for petitioner's removal. Exh. A, pp. 14-16. According to DHS records, petitioner was interviewed by telephone by a Consulate representative on April 15, 2014. Payan Decl., ¶ 16. At this time, the request for a travel document is pending with the Consulate. *Id.,* ¶ 18.

On April 10, 2014, petitioner filed with the BIA a motion for reconsideration of its removal order, along with a motion for a stay of removal. These motions are pending before the BIA. Payan Decl., ¶ 15. In the meantime, petitioner filed this action on February 28, 2014, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 on the ground that his detention in DHS custody is unlawful. Upon full consideration of the matters set forth in the submissions on file, and for the reasons that follow, the petition is denied.

## **DISCUSSION**

Petitioner challenges his detention by way of habeas corpus review under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001) (petition under § 2241 is the basic method for statutory and constitutional challenges to detention following order of removal). Matters pertaining to the detention of aliens pending the completion of immigration removal proceedings and pending removal following the entry of a final order of removal are governed by two separate provisions of the INA–respectively, INA § 236, which authorizes the arrest and detention of an alien on warrant pending a decision on whether the alien is to be removed from the United States, and INA § 241, which authorizes detention of aliens after the issuance of a final removal order.

INA § 236 provides, in pertinent part, as follows:

(a) Arrest, detention, and release.
 On a warrant issued by the Attorney General, an alien may be arrested and
 detained pending a decision on whether the alien is to be removed from the
 United States.... Except as provided in subsection(c) ... and pending such
 decision, the Attorney General-
  (1) may continue to detain the arrested alien; and
  (2) may release the alien on-
   (A) bond of at least $1,500 with security approved by, and containing
 conditions prescribed by the Attorney General; or
    (B) conditional parole.....
(c) Detention of criminal aliens.
  The Attorney General shall take into custody any alien who ... is deportable
  by reason of having committed any offense covered in section
 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
   ...

> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(a)(1)-(2) and(c)(1)(B).

As set forth above, in this case petitioner was received into DHS custody on October 7, 2013 pursuant to an immigration detainer upon his release from state custody, as authorized by INA § 236.  *See* Payan Decl., ¶ 8.  Accordingly, at the time petitioner filed this action in February 2014, he was detained under the authority of INA § 236(c), which requires detention of "criminal aliens" pending a determination of the alien's removability based upon a conviction relating to a controlled substance.  The Supreme Court has held that mandatory detention of criminal aliens pursuant to Section 236(c) during the period prior to the pre-final order of removal without an individualized bond hearing is constitutionally permissible as part of the removal process. *Demore v. Kim*, 538 U.S. 510, 531 (2003); *see Persaud v. Holder*, 2011 WL 5326465, at *2 (W.D.N.Y. Nov. 3, 2011) (detention pursuant to INA § 236(c) during period prior to pre-final order of removal did not violate due process, citing *Demore*).

Petitioner's mandatory detention pursuant to INA § 236(c) continued until April 1, 2014, when the BIA dismissed petitioner's appeal from the IJ's November 2013 order denying petitioner's applications for relief and ordering his removal.  *See* 8 C.F.R. § 1241.1(b) (order of removal becomes final upon dismissal of appeal by the BIA). Thereafter, petitioner's detention has been governed by INA § 241(a), which requires DHS to accomplish an alien's removal from the United States within a period of ninety days (the "removal period"), commencing on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

DHS promptly sought a travel document for petitioner's removal, a request that is currently pending with the Consulate. Payan Decl., ¶¶ 18. In this case, as petitioner is an alien with criminal convictions, his detention during the 90-day removal period is mandatory. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien."). The statute also authorizes the Attorney General to continue detention of criminal aliens–*i.e.*, aliens (like petitioner) ordered removed due to conviction of a crime–beyond the expiration of the ninety-day removal period if it is determined that the alien "is a risk to the community or unlikely to comply with the order of removal …." INA § 241(a)(6).[1] In this case, the removal period expired June 1, 2014.

However, under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), petitioner's post-final-removal order detention is presumed to be reasonable for six months, thereby providing DHS with a reasonable opportunity to accomplish his removal

---

[1] INA § 241(a)(6) provides in full as follows:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2),or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

from the United States. *See Zadvydas*, 533 U.S. at 699–700 (the court must ask whether the detention exceeds a period reasonably necessary to secure removal). This "presumptively reasonable" period will not expire until October 2014. Thus, the petition is premature.

In support of his habeas challenge in this court, petitioner contends that because DHS did not detain him immediately upon his release from state custody from the controlled substance offenses in 1997, his detention is not authorized under the "mandatory" provisions of section 236(c), and he should therefore be granted an individualized bond hearing under the "discretionary" provisions of section 236(a). Even if the petitioner had a cognizable argument in favor of a bond hearing under section 236(a), his detention has been governed by section 241(a) since April 1, 2014, when the removal order became final. Thus, any claim for a bond hearing has now been rendered moot. *See Persaud v. Holder,* 2011 WL 5326465, at *3) (quoting *Wang v. Ashcroft,* 320 F.3d at 147); *Greenland v. INS/ICE Dep't of Homeland Sec. Dist. Director,* 599 F.Supp.2d 365, 366 (Feb. 24, 2009).

Based on this authority, and upon full consideration of the record presented by way of the parties' submissions, the court finds that petitioner has failed to demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" for the purposes of granting habeas corpus relief under 28 U.S.C. § 2241, and his petition must be denied.

**CONCLUSION**

For the foregoing reasons, the petition is denied, and the case is dismissed. This dismissal is without prejudice to file another petition should it subsequently appear that the presumptively reasonable period of post-removal-order detention has elapsed, and that removal is no longer reasonably foreseeable.  *See Andreenko v. Holder*, 2012 WL 4210286, at *5 (W.D.N.Y. Sept. 18, 2012); *Kassama v. Dep't of Homeland Sec.*, 553 F. Supp. 2d 301, 307 (W.D.N.Y. 2o08).

It is further ordered that certification pursuant to 28 U.S.C. § 1915(a)(3) be entered stating that any appeal from this Judgment would not be taken in good faith and therefore leave to appeal as a poor person should be denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of the Court is directed to enter judgment in favor of respondent, and to close the case.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: June 25, 2014